**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Home Advantage Health Services, Inc., Civil No. 01-2146 ADM/AJB

Plaintiff,

v.

Woodbury Health Care Center,

Defendant and
Third-Party Plaintiff,

v.

Ernest Anyanwu

Third-Party Defendant,

and

Home Advantage Health Services, Inc.

Counter-claim Defendant.

**REPORT & RECOMMENDATION ON JURISDICTION**

---

This matter is before the Honorable Arthur J. Boylan, Magistrate Judge of the United States District Court, District of Minnesota, 638 U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101, pursuant to the Court's Order of January 28, 2002. [Docket No. 17]. The Order required the parties to brief the Court on whether removal was appropriate and whether the Court should exercise jurisdiction over this matter. John N. Akwuba, Esq. provided briefing on behalf of Plaintiff and Third-Party Defendant. Samuel D. Orbovich, Esq. briefed the Court on behalf of Defendant and Third-Party Plaintiff. The matter is before the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

**MEMORANDUM**

Plaintiff Home Advantage Health Services, Inc. (Plaintiff) commenced a Minnesota state

APR 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

action against Defendant Woodbury Health Care Center (Defendant) by service on November 1, 2001. Plaintiff thereafter filed the case in Minnesota State District Court in Washington County on November 11, 2001. Defendant removed the matter to United States District Court, District of Minnesota, on November 28, 2001, pursuant to 28 U.S.C. § 1441, asserting that this Court had jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Defendant contemporaneously filed its answer and counterclaim against Home Advantage Health Services, Inc., and its third-party complaint against Ernest Anyanwu. Defendant asserts that its counterclaim and third-party complaint arise under the laws of the United States, specifically, that the counterclaim and third-party complaint allege violations of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. Plaintiff failed to timely move for remand to state court.

During a pretrial conference, this Court raised a jurisdiction issue *sua sponte* and required both parties to provide the Court with jurisdictional memoranda in support of their respective positions. Plaintiff's memorandum sets forth its opposition to this Court's exercise of jurisdiction, and in essence seeks remand of the matter to state court.[1] Defendant contends that its counterclaim and third-party complaint allege federal questions, which consequently afford this Court jurisdiction over the matter.

**Threshold Requirement of Subject-Matter Jurisdiction**

It is axiomatic that federal courts are courts of limited jurisdiction. *See* U.S. CONST., art. III, § 1. Moreover, federal district court jurisdiction is entirely a creature of statute, such that if "one of the statutory requirements is not met, the district court has no jurisdiction." Hurt v. Dow

[1] *See* 28 U.S.C. § 1447(c); *see also* Velazquez v. Four Star Indus., Inc., 55 F.Supp.2d 91, 92 n.1 (D. Puerto Rico 1999).

Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). Consequently, it is the duty of each federal court to ensure that every case meets the threshold requirement of subject-matter jurisdiction. Bradley v. Am. Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992) (citing Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).[2]

**Removal and Remand Jurisdiction**

*Removal of Claims and The Well-Pled Complaint Rule*

"[A]ny civil action brought in a State court of which the district courts of the United States have original-jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). It is necessary, however, that the claim arises under federal law. 28 U.S.C. § 1331(a). That is, jurisdiction will exist only when a federal question is presented on the face of the plaintiff's well-pled complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987); *see also* Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 n.9, 103 S.Ct. 2841, 2847 n.9 (1983).

Absent evidence of diversity, *see* 28 U.S.C. § 1332, a federal controversy must exist on the face of the complaint "unaided by the answer or by the petition for removal" before a court will allow removal. *See* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113, 57 S.Ct. 96, 98 (1936); *see also* Constr. Laborers Vacation Trust, 463 U.S. at 10, 103 S.Ct. at 2847. Thus, removal may be improper if federal jurisdiction is premised solely on Defendant's responsive pleading. *See* Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808-809 n.6, 106 S.Ct.

---

[2] This threshold requirement is fundamental because any action taken by a federal court which lacks subject-matter jurisdiction is a nullity and either party, even the party that invoked the court's jurisdiction, can attack an exercise of that jurisdiction at any time. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 18, 71 S.Ct. 534, 541-42 (1951).

3229, 3233 n.6 (1986). Likewise, "it is well-established that a defendant cannot remove based on a counterclaim." Duckson, Carlson, Bassinger LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117, 1118 (D. Minn. 2001)(citing Fed. Deposit Ins. Corp. v. Elefant, 790 F.2d 661, 667 (7th Cir.1986); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir.1985)). Consequently, the Court looks to the Plaintiff's characterizations of its claims to determine which issues formed the basis for removal jurisdiction or lack thereof.

Plaintiff's state court complaint asserts that Defendant breached the services contract by failing to pay for the services rendered. The complaint relies solely on state law to provide a remedy from Defendant's purported breach, and does not depend upon the Constitution, laws, or treaties of the United States for any remedy. The only federal question raised in this action was by the Defendant's counterclaim and third-party complaint alleging federal RICO violations by Plaintiff.[3] Removal is therefore improper unless an exception to the well-pled complaint rule applies. Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430.

*Doctrine of Complete Preemption*

This doctrine maintains that when the preemptive force of a federal statute is so "'extraordinary it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Deford v. Soo Line R.R. Co., 867 F.2d 1080, 1084 (8th Cir. 1989) (citing Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2430). In effect, this exception limits a plaintiff's ability to defeat removal by failing to plead an appropriate federal

---

[3] Defendant could have relied on Minnesota's RICO statute. *See* MINN. STAT. § 609.901 *et seq.* However, Defendant chose to rely exclusively on the federal RICO statute.

question in a complaint, thus enabling defendants to raise preemption as a basis for removal.

The United States Supreme Court, however, has only identified two distinct federal statutes, Employee Retirement Income Security Act (ERISA)[4] and Labor Management Relations Act (LMRA),[5] which completely preempt an area of law. Accordingly, "absent complete preemption, the plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law." Nelson v. Assoc. Fin. Serv. Co. of Ind., Inc., 79 F.Supp.2d 813, 816-17 (W.D. Mich. 2000) (citing Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996).

Defendant concedes the fact that federal courts do not have exclusive jurisdiction over RICO claims,[6] *see also* Tafflin v. Levitt, 493 U.S. 455, 458, 110 S.Ct. 792, 795 (1990), and, as previously stated, Plaintiffs complaint relies solely on state law for its remedy. Based on these facts, it is apparent that this Court lacks subject-matter jurisdiction over this matter and remand is appropriate pursuant to 28 U.S.C. § 1447(c).

**Conclusion**

This Court has an imperative duty to ensure that the threshold requirement of subject-matter jurisdiction is met in every case. To discharge this duty in the removal context, the Court

---

[4] Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987) (permitting removal of state law claims arising under section 502(a) of ERISA).

[5] Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 88 S.Ct. 1235 (1968) (holding that section 301 of LMRA displaced any otherwise applicable state law even though the suit was brought in state court).

[6] Docket 18 at 4.

looks to the Plaintiff's well-pled complaint when determining if the jurisdictional requirements have been met. Complete preemption, however, provides an exception to the well-pled complaint rule allowing federal courts to exercise jurisdiction where federal law has completely preempted an area of law.

Plaintiff's complaint relied solely on state law for its remedy. Defendant raised the only federal question, an alleged RICO violation, in its counterclaim and third-party complaint. As shown above, the federal RICO statute does not completely preempt state RICO statutes. Thus, a *sua sponte* remand of Plaintiff's action is directly supported by the language of 28 U.S.C. § 1447(c), which mandates a remand anytime a federal district court determines that it lacks subject-matter jurisdiction. In re Atlas Van Lines, Inc., 209 F.3d 1064, 1066-67 (8th Cir. 2000).

**RECOMMENDATION**

Based upon the foregoing discussion and conclusions, the Magistrate Judge recommends that this matter be remanded to Minnesota State District Court in Washington County.

Dated: 4/18/02

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before May 2, 2002.