**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Home Advantage Health Services, Inc.,

Plaintiff,

v.

Woodbury Health Care Center,

Defendant and
Third-Party Plaintiff,

v.

Ernest Anyanwu,

Third-Party Defendant,

and

Home Advantage Health Services, Inc.,

Counterclaim Defendant.

Civil No. 01-2146 ADM/AJB

**ORDER ON MOTION FOR RULE 11 SANCTIONS**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on motion by plaintiff Home Advantage Health Services, Inc. and third-party defendant Ernest Anyanwu for sanctions pursuant to Fed. R. Civ. P. 11 against defendant Woodbury Health Care Center; defendant's counsel, Samuel D. Orbovich; and counsel's law firm, Orbovich and Gartner Chartered. Hearing was held on July 30, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, Minnesota 55101. John N. Akwuba, Esq., appeared on behalf of the moving parties. Samuel D. Orbovich, Esq., and Thomas L. Skorczeski, Esq., appeared on behalf of the motion respondents. Plaintiff Home Advantage Health Services, Inc. and third-party defendant Ernest Anyanwu move for Rule 11 sanctions based upon defendant Woodbury Health Care Center's efforts to remove this action to federal court. Counsel for the motion respondents opposes the

FILED AUG 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

motion and asserts that the moving parties have not alleged grounds to support an award of Rule 11 sanctions.

Based upon the file, affidavits, exhibits, memorandums and arguments of counsel, **IT IS HEREBY ORDERED** that the motion by plaintiff Home Advantage Health Services, Inc. and third-party defendant Ernest Anyanwu for sanctions pursuant to Fed. R. Civ. P. 11 is **denied**. [Docket No. 28].

Dated: 8/9/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Though defendant's efforts to remove this action to federal court were ultimately unsuccessful, the Court is not persuaded that removal was frivolous and specifically finds that the removal was not guided by any improper purpose such as harassment, maliciousness or delay. Furthermore, "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position . . ." Charland v. Little Six, Inc., 112 F.Supp. 858, 862 (D.Minn. 2000)(citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)). The jurisdictional issue in this case was raised by the Court. Indeed, plaintiff did not timely submit a motion to remand to state court and instead waited for the Court to issue its Order on jurisdiction before weighing the merits of its Rule 11 motion.

Plaintiff did not allow defendant an opportunity to withdraw its position prior to making the motion, thereby eliminating a prerequisite for an award of sanctions. In addition, the Court invited memorandums on jurisdiction, and did not order an immediate remand, precisely because it appeared that under the circumstances, legitimate legal arguments for removal could be presented, and in fact, such arguments, though unavailing, were offered and considered. There is no basis for Rule 11 sanctions in this matter and plaintiff's motion is therefore denied.